UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRANDON MICHAEL GRAY, <br> Plaintiff, | : <br> : <br> : | CASE NO. 3:19-cv-1291 (MPS) |
| v. | : <br> : | |
| M. LICON-VITALE, et al., <br> Defendants. | : <br> : <br> : | NOVEMBER 12, 2019 |

**INITIAL REVIEW ORDER**

Plaintiff Brandon Michael Gray, incarcerated at the Federal Correctional Institution in Danbury, Connecticut, filed this case under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971). The plaintiff names four defendants, Warden M. Licon-Vitale, Associate Warden D. Womeldorf, Associate Warden Comstock, and the Bureau of Prisons. He contends that the defendants discriminated against him because of his disability and have denied him due process, free speech, and equal protection of the laws by denying him access to email to contact his family. The plaintiff does not request any relief in his complaint. He also has filed a motion for appointment of counsel and two motions to amend his complaint, neither of which includes a proposed amended complaint.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing

*Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis.*

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I. <u>Allegations</u>

The plaintiff suffers from Intellectual Developmental Disorder, which he alleges renders him "unable to obtain community and family ties with the outside world." ECF No. 1 ¶ 2. The plaintiff contends that "courts have deemed letter writing as an unmeaningful way of contact," and argues that email is an essential means of contact with family. *Id.* ¶ 4. Correctional staff have restricted the plaintiff's access to email. *Id.* ¶ 3. The plaintiff contends that letters, phone calls, and visits are limited and costly while email is quick, efficient and cheap. *Id.* ¶ 5.

Bureau of Prisons Program Statement 4500.11 provides that an inmate should not be restricted from email access solely because he was convicted of a sex offense. *Id.* ¶ 7. Other

2

inmates convicted of more serious crimes, such as drug offenses, murder, and armed robbery, have email access. *Id.* ¶ 8. Also, other inmates with sex offenses including possession of child pornography and sexual exploitation of a minor have email access. *Id.* ¶¶ 9-10.

II. Analysis

The plaintiff alleges that the defendants have discriminated against him in violation of his rights under the Rehabilitation Act, and denied him free speech, due process and equal protection of the laws. In his first motion to amend, the plaintiff states that he seeks monetary relief for negligence and intentional infliction of emotional distress. ECF No. 10 at 1. In his second motion to amend, the plaintiff submits a letter he sent the warden about access to the prison email system. ECF No. 12.

    A.    Motions to Amend

By order filed September 19, 2019, the Court informed the plaintiff that, if he wanted to amend his complaint, he must do so by filing an amended complaint on the docket. The Court also informed the plaintiff that any amended complaint would completely replace the original complaint. ECF No. 9. The Court received the plaintiff's motions to amend on September 26 and 30, 2019. Thus, the plaintiff may not have received the Court's order before submitted his motions. As it does not appear that the plaintiff intended either submission to completely replace his original complaint, both motions are denied. The Court notes that the plaintiff has been granted an extension of time, until November 25, 2019, to respond to the Court's order. ECF No. 16. Thus, the Court assumes that the plaintiff intends to submit a proper amended complaint by that date.

B.  Bureau of Prisons

The plaintiff has included the Bureau of Prisons ("BOP") as a defendant. In *Bivens*, the Supreme Court permitted suits against federal officials in their individual capacities for violation of constitutional rights. Thus, the defendants must be individual federal officers. The BOP, a federal agency, cannot be sued under *Bivens*. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (noting that United States and federal agencies are protected by sovereign immunity from *Bivens* actions). Any claims against the BOP are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

C.  Personal Involvement

A *Bivens* claim seeks to hold persons acting under color of federal law accountable for their conduct that violates a plaintiff's constitutional rights. *See Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) ("The purpose of the *Bivens* remedy 'is to deter individual federal officers from committing constitutional violations.'") (quoting *Malesko*, 534 U.S. at 70). To do so, the plaintiff must allege that the individual federal defendants directly participated in the alleged constitutional violation. *Turkmen v. Hasty*, 789 F.3d 218, 233 (2d Cir. 2015) (*Bivens* remedy cannot be premised on vicarious liability), (reversed in part, vacated in part on other grounds); Arar, 585 F.3d at 569.

The plaintiff does not mention any of the individual defendants in his complaint. He references Warden Licon-Vitale in his first motion to amend, the attachment to which attempts to assert a claim against Warden Licon-Vitale for intentional infliction of emotional distress. ECF

4

No. 10 at 1, 3.  *Bivens* only permits the plaintiff to assert constitutional violations.  Thus, a state tort claim for intentional infliction of emotional distress is not cognizable under *Bivens*.

The plaintiff's second motion to amend consists of several documents.  One is a letter to Warden Licon-Vitale regarding email access.  If submitted with an amended complaint alleging her involvement, this letter could support a claim against Warden Licon-Vitale.  The Court assumes that the plaintiff will assert such a claim in the amended complaint he has been afforded time to file.

As there is no reference to defendants Womeldorf or Comstock in the complaint or any document submitted with the motions to amend, the claims against them are dismissed.

D. *Bivens* Claims

The Supreme Court has recognized a *Bivens* remedy in only three circumstances.  The Court originally implied a private right of action under the Fourth Amendment against FBI agents for an unreasonable search and seizure claim when the defendants handcuffed a man in his home without a warrant.  *Bivens*, 403 U.S. at 389, 397.  The Supreme Court has since recognized *Bivens* claims under the Fifth Amendment's Due Process Clause for gender discrimination when a congressman fired his female secretary, *Davis v. Passman*, 442 U.S. 228 (1979), and under the Eighth Amendment's prohibition against cruel and unusual punishment when prison officials failed to treat an inmate's asthma, resulting in the inmate's death.  *Carlson v. Green*, 446 U.S. 14 (1980).

In *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the Supreme Court made clear that courts should not imply rights and remedies under *Bivens* beyond the three contexts already recognized.  In *Ziglar*, the Court provided a two-step analysis to determine whether to imply a *Bivens* cause

5

of action in a new context. The Court held that "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Id.* at 1859. The Supreme Court offered the following "examples that might prove instructive":

> A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id.* at 1859–1860.

If a case implicates a new *Bivens* context, the court then considers whether "Congress has created 'any alternative, existing process for protecting the [injured party's] interest' that itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.* at 1858. Notwithstanding whether an alternative remedy exists, "[t]he Court's precedents now make clear that a *Bivens* remedy will not be available if there are 'special factors counselling hesitation in the absence of affirmative action by Congress.'" *Id.* at 1857 (quoting *Carlson*, 446 U.S. at 18 (quoting *Bivens*, 403 U.S. at 396)).

The plaintiff asserts a claim for violation of his rights under the Rehabilitation Act. As the Act is a federal statute, not a constitutional provision, this claim is not cognizable in a *Bivens* action.

The plaintiff's other claims are for violation of his First Amendment right to freedom of speech, and his Fifth Amendment rights to due process and equal protection of the laws, all relating to the denial of email access in prison. These are different claims from those previously

recognized under *Bivens*. Thus, the Court must conduct the analysis set forth in *Ziglar* to determine whether any claims are cognizable under *Bivens*.

However, the Court notes that the plaintiff has been granted an extension of time, until November 25, 2019, presumably to file an amended complaint. Accordingly, the Court will defer the initial review of the plaintiff's claims until November 25, 2019. If no amended complaint is filed by that date, the Court will conduct an initial review based on the original complaint only.

III. <u>Motion for Appointment of Counsel</u>

The plaintiff seeks appointment of *pro bono* counsel in this action pursuant to 28 U.S.C. § 1915. The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003); *Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997). The Second Circuit also has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)). In his motion for motion for appointment of counsel, the plaintiff states that he has no access to the names of any attorneys. Thus, he has made no efforts to obtain legal assistance.

Even if he had made some attempts to obtain legal assistance, the Second Circuit also has cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." *Cooper*, 877 F. 2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* at 171. The

7

current record, consisting only of the complaint which will likely be amended soon, is insufficient to determine whether the plaintiff's claims possess likely merit. Thus, appointment of counsel is premature. The motion for appointment of counsel is denied without prejudice to refiling at a later stage of litigation.

IV. Conclusion

The claims against the BOP are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) because the BOP is protected by sovereign immunity. The claims against defendants Womeldorf and Comstock are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for lack of involvement.

The plaintiff's motions to amend [**ECF Nos. 10, 12**] are **DENIED**. His motion for appointment of counsel [**ECF No. 6**] is **DENIED** without prejudice.

The Court defers initial review of the complaint against defendant Licon-Vitale until November 25, 2019, when the anticipated amended complaint should be filed.

**SO ORDERED** this 12th day of November 2019 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge