# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRANDON MICHAEL GRAY,<br>Plaintiff, | : <br> : <br> : | CASE NO. 3:19-cv-1291 (MPS) |
| v. | : <br> : | |
| M. LICON-VITALE, et al.,<br>Defendants. | : <br> : <br> : | March 31, 2020 |

## INITIAL REVIEW ORDER RE AMENDED COMPLAINT

Plaintiff Brandon Michael Gray, incarcerated at the Federal Correctional Institution in Danbury, Connecticut, filed this case under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971). He claimed that the four named defendants discriminated against him because of his disability and denied him due process, free speech, and equal protection of the laws by denying him access to email to contact his family. The plaintiff requested no relief in his complaint. Before the Court could conduct an initial review of the claims, the plaintiff filed two motions to amend his complaint, neither of which includes a proposed amended complaint.

On November 12, 2019, the Court dismissed all claims against defendant Bureau of Prisons because the Bureau is protected by sovereign immunity. The Court also dismissed all claims against defendants Womeldorf and Comstock because the plaintiff failed to allege facts demonstrating their personal involvement in his claims. ECF No. 20. The Court deferred initial review of the plaintiff's claims and directed him to file an amended complaint addressing the deficiencies identified in the order. *Id.* at 7.

The plaintiff has filed a motion to amend with his amended complaint and a motion to add supplemental information. ECF Nos. 21–22. These motions are granted. The Court considers these documents together in conducting an initial review of the plaintiff's claims.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.  Allegations

The plaintiff suffers from Intellectual Developmental Disorder, which he alleges renders him "unable to maintain family and community ties as much or as well as those inmates without IDD" without email access. ECF No. 21 ¶ 2. The plaintiff states that his IQ is under 70, and he has difficulty writing letters because he cannot spell or express himself correctly without a spell check feature. ECF No. 22 at 4. When the plaintiff entered FCI Danbury in April 2019, he did not have email privileges. ECF No. 21 ¶ 2.

As only a prison official with the rank of associate warden or higher can remove an administrative restriction, the plaintiff asked Warden Licon-Vitale and Associate Warden Comstock why he did not have email privileges. *Id.* ¶ 3. The warden stated that "there was an Adam Walsh assignment placed in April 2019" and said that the plaintiff's conduct would threaten institutional security. *Id.* The plaintiff, however, has identified seven inmates "who had facilitate offenses similar" to his but had access to TRULINCS, the prison email system. *Id.* The plaintiff pursues his request for email privileges through all levels of the administrative remedy process without success. *Id.* ¶ 4.

The lack of email access affects the plaintiff's ability to communicate with his attorney and prepare his criminal defense. *Id.* ¶ 5. The plaintiff contends that the defendants denied him email access because of his disability. *Id.* ¶ 7. The plaintiff alleges, without citation, that courts "have deemed letter writing as an unmeaningful way of contact," and found that email is an essential means of contact with family, friends, and counsel. *Id.* ¶ 9. He argues that letters, phone calls, and visits are limited and costly while email is quick, efficient and cheap. *Id.* ¶ 10.

Bureau of Prisons Program Statement 4500.11 provides that an inmate should not be restricted from email access solely because he was convicted of a sex offense. *Id.* ¶ 11. Other

inmates convicted of more serious crimes, such as drug offenses, murder, and armed robbery, have email access. *Id.* ¶ 12. Also, other inmates with sex offenses including possession of child pornography and sexual exploitation of a minor have email access. *Id.*

II.     Analysis

The plaintiff alleges that the defendants, Warden Licon-Vitale and Associate Warden Comstock, have violated his rights under the Rehabilitation Act, 29 U.S.C. § 794, and denied him his constitutional rights to free speech, due process and equal protection of the laws. *Id.* ¶ 6. He seeks unspecified declaratory and injunctive relief from the defendants in their individual capacities. *Id.* ¶ 1. The plaintiff also submits a copy of Bureau of Prisons Program Statement 5200.06, entitled Management of Inmates With Disabilities, and a copy of two email messages he sent to the warden in November 2019 regarding email privileges. ECF No. 22.

The Court dismissed all claims against Associate Warden Comstock because the plaintiff had alleged no facts showing his involvement. The plaintiff now alleges that he spoke to both Warden Licon-Vitale and Associate Warden Comstock concerning this issue. Thus, the Court will consider his claims as applicable to both defendants named in the amended complaint.

In the Initial Review Order, the Court explained that, after the amended complaint was filed, it would consider whether *Bivens* should be expanded to include the plaintiff's claims. ECF No. 20 at 5-7. In *Bivens*, the Supreme Court only authorized suits for damages against federal officials in their individual capacities. 403 U.S. at 389. *See Sabir v. Williams*, No. 3:17-cv-749(VAB), 2017 WL 6514694, at *1 (D. Conn. Dec. 19, 2017) (explaining that the Supreme Court in *Bivens* did not authorize suits against federal officials in their official capacities for declaratory and injunctive relief) (citing cases). The plaintiff now indicates, however, that he

4

seeks only declaratory and injunctive relief. ECF No. 22 ¶ 1. As the plaintiff does not seek damages, the only relief available under *Bivens*, any *Bivens* claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff's claims for injunctive and declaratory relief may be cognizable under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, which waives sovereign immunity for claims asserting wrongful agency action and seeking relief other than money damages. 5 U.S.C. § 702. *See Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 650-52 (2d Cir. 1998) (explaining that district court should have construed complaint seeking only injunctive relief as filed under the APA, not as a *Bivens* action). The plaintiff's claim is cognizable under the APA, only if the plaintiff has no other adequate remedy in court. *See* 5 U.S.C. § 704 (court may only review agency action "for which there is no other adequate remedy in a court").

In cases permitted to proceed under the APA, the claims included a challenge to prison policies. *See, e.g., Sabir*, 2017 WL 6514694, at *2 (claim against federal officials for non-monetary relief seeking to rescind Program Statement and permit congregate prayer cognizable under APA); *Berkun v. Terrell*, No. 12-CV-706(JG), 2012 WL 3233897, at *3 (E.D.N.Y. Aug. 6, 2012) (complaint asserting claims that warden exercised discretion in manner that violated First Amendment by denying request to receive jigsaw puzzle and that regulations governing possession of personal property are arbitrary and capricious cognizable under APA).

Where the complaint includes no such challenge, the case was not cognizable under the APA. For example, in *Lucas v. Federal Bureau of Prisons*, No. 17 CV 1184(VB), 2018 WL 3038496 (S.D.N.Y. June 18, 2018), the prisoner-plaintiff filed a claim for arbitrary and

5

capricious revocation of his email access under the APA. The court granted the defendant's motion to dismiss because the plaintiff had an adequate court remedy through a petition for writ of habeas corpus challenging prison conditions under 28 U.S.C. § 2241. *Id.* at *2.

The plaintiff argues that the defendants unreasonably denied him email access when other inmates with similar or more serious crimes were permitted access. This claim is similar to the claim in *Lucas*, in that the plaintiff does not challenge the validity of a prison policy but the way a policy was applied to him. Thus, the plaintiff can pursue a judicial remedy through a petition for writ of habeas corpus on his claims that the denial of email privileges deprived him of constitutional rights. The Court concludes that the plaintiff's claims equal protection, due process, and free speech claims are not cognizable under the APA.

Finally, the plaintiff contends that the defendants violated his rights under the Rehabilitation Act. In an unpublished order, the Second Circuit has affirmed the dismissal of a Rehabilitation Act claim by a federal inmate seeking damages only. *Sarvis v. U.S.*, 234 F.3d 1262 (2d Cir. 2000) (Table). Other courts within the circuit have considered Rehabilitation Act claims by federal prisoners but dismissed the claims for reasons not applicable here. *See, e.g., Bowens v. Federal Bureau of Prisons*, No. 12 Civ. 5591(PKC), 2013 WL 3038439, at *7 (S.D.N.Y. June 18, 2013) (dismissing claim because plaintiff sought damages only); *Thompson v. U.S.*, No. 09-CV-0964M, 2010 WL 191-293, at *3 (W.D.N.Y. May 7, 2010) (dismissing claims as challenge to medical treatment of underlying disabilities which is not cognizable under Rehabilitation Act).

As the plaintiff seeks injunctive relief for failure to accommodate his mental disability, the Court will consider the complaint under the Rehabilitation Act. Claims under the

Rehabilitation Act and the Americans with Disabilities Act, ("ADA") 42 U.S.C. § 12101, *et seq.*, are considered under the same standard. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 286 (2d Cir. 2009). Thus, the Court refers to sections of the ADA in analyzing this claim.

Both the ADA and the Rehabilitation Act apply to persons with a disability, *i.e.*, "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Communicating is considered a major life activity. 42 U.S.C. § 12102(2)(A). When analyzing claims under the ADA or Rehabilitation Act, "courts have been careful to distinguish impairments which merely affect major life activities from those that substantially limit those activities." *Troeger v. Ellenville Cent. Sch. Dist.*, 523 F. App'x 848, 852 (2d Cir. 2013) (citation and internal quotation marks omitted); *see Ryan v. Grae & Rybicki*, 135 F.3d 867, 870 (2d Cir. 1998) ("Although almost any impairment may, of course, in some way affect a major life activity, the ADA clearly does not consider every impaired person to be disabled.").

The plaintiff alleges that he has Intellectual Development Disorder. In one of the supplemental exhibits, the plaintiff states that his IQ is under 70, and he has difficulty writing letters because he cannot spell or express himself correctly without a spell check feature. ECF No. 22 at 4. Based on the allegations, it is not clear whether the plaintiff is disabled within the meaning of the Rehabilitation Act. However, construing the allegations in his favor, the Court will permit the claim to go forward for further development of the record.

However, the plaintiff has named the defendants in their individual capacities only. As the injunctive relief addressing his claims can only be granted by the defendants in their official capacities as prison officials, the Court will consider the defendants as named in their official

capacities and order service on the defendants in official capacity only.

III. Pending Motions

In addition to the motion to amend and motion to add supplemental information, the plaintiff has filed a motion for preliminary injunction, ECF No. 23, motions for reconsideration of the denial of his motion for appointment of counsel and the dismissal of the claims against defendant Comstock, ECF Nos. 24–25, and a motion for emergency hearing and order to respond to summons, ECF No. 26.

A. Motion for Preliminary Injunction

The plaintiff has filed a motion for preliminary injunction asking the Court to order that he be provided immediate email access. Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enterprise Six Nations Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation omitted). To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, ___ U.S. ___, 135 S. Ct. 2726, 2736 (2015) (internal quotation marks and citation omitted). The Second Circuit considers a showing of irreparable harm the most important requirement for an award of preliminary injunctive relief. *NAACP v. Town of East Haven*, 70 F.3d 219, 224 (2d Cir. 1995). The irreparable injury prerequisite requires proof of harm that is "actual and imminent" and "not remote or speculative." *Pisarri v. Town Sports Int'l, LLC*, 758 F. App'x 188, 190 (2d Cir. 2019) (quoting *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979) (internal quotation marks omitted)).

Where the plaintiff seeks a mandatory injunction, *i.e.*, an injunction seeking to order the defendants to perform positive acts, he must meet a higher standard. *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from the denial of preliminary relief." *Id.* (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (plaintiff seeking mandatory injunction must make "clear" or "substantial" showing of likelihood of success on the merits of his claim).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

The plaintiff states that he needs email access to respond to his attorney in a timely manner to challenge the terms and conditions of his supervised release. He also states that he cannot communicate effectively with his family or find an attorney to litigate this case.

Another judge in this district has found that the federal prisoner email program "is a privilege and the BOP has absolute discretion is determining whether to limit or deny" its use by any inmate. *Dunlea v. Federal Bureau of Prisons*, No. 3:10-cv-214(CFD), 2010 WL 1727838, at

*1 (D. Conn. Apr. 26, 2010), *abrogated on other grounds by Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135 (2d Cir, 2010). The plaintiff's claim, therefore, depends on whether denial of email access is a failure to accommodate his disability. Absent additional information regarding the nature of the plaintiff's disability, the Court cannot determine whether the plaintiff is disabled within the meaning of the Rehabilitation Act. In addition, more information is required on the reason for the denial of access. Thus, the plaintiff has not, at this time, made a substantial showing of likelihood of success on the merits of his claim. The motion for preliminary injunction is denied without prejudice.

B. <u>Motion for Reconsideration re Appointment of Counsel</u>

The plaintiff seeks reconsideration of the order denying his motion for appointment of counsel. Motions for reconsideration must be filed and served within seven days from the filing of the decision or order from which relief is sought. D. Conn. L. Civ. R. 7(c)1. The Court's Order was filed on November 12, 2019. Thus, plaintiff had until November 19, 2019 to file a timely motion for reconsideration. The plaintiff signed his motion on November 22, 2019, and presumably gave it to prison officials to be mailed the same day. The motion, therefore, was field three days too late.

Further, even if the motions were timely, relief should be denied. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. *See Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (citing *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Neither reason applied in this case. The plaintiff attempts to add new information not included in his motion. He now states he sought legal

assistance from his public defender, the ACLU, and a private law firm without success. It is not the purpose of a motion for reconsideration to present new information. The motion for reconsideration is denied.

      C.      Motion for Reconsideration re Dismissal of Claims

The plaintiff seeks reconsideration of the dismissal of the claims against defendant Comstock. He states that he now has alleged facts showing defendant Comstock's involvement in his claims. As the Court has considered the new allegations against defendant Comstock in its review of the amended complaint, this motion is denied as moot.

      D.      Motion for Hearing and Order

The plaintiff seeks an emergency hearing because defendant Licon-Vitale has not responded to the summons within the permitted sixty days. The plaintiff is mistaken. No summons has yet issued. Accordingly, the plaintiff's motion is denied.

      E.      The Plaintiff's Other Motions

The Plaintiff's remaining motions—to appoint counsel (ECF No. 28), to add supplemental information (ECF No. 29), for a telephone hearing (ECF No. 30), and for summary judgment (ECF No. 31)—are denied without prejudice, either because they have already been addressed or because they are premature, given that the defendants have not yet been served. The Court has considered the additional information in the motion to add supplemental information (ECF No. 29) and has taken it into account in this ruling.

IV.     Conclusion

Any claims brought pursuant to *Bivens* or the APA are **DISMISSED**. The case will proceed on the Rehabilitation Act claim against defendants Licon-Vitale and Comstock in their

official capacities only.

The plaintiff's motions to amend [**ECF No. 21**] and to add supplemental information [**ECF No. 22**] are **GRANTED**. The plaintiff's motion for preliminary injunction [**ECF No. 23**] is **DENIED** without prejudice. His motion for reconsideration of the denial of his motion for appointment of counsel [**ECF No. 24**] is **DENIED**. The plaintiff's motion for reconsideration of the dismissal of the claims against defendant Comstock [**ECF No. 25**] is **DENIED** as moot. His motion for emergency hearing and order to respond to summons [**ECF No. 26**] is **DENIED**. The remaining motions [**ECF Nos. 28, 29, 30, 31**] are **DENIED**.

The Court enters the following orders.

(1) **The Clerk shall** deliver three copies of the summons, amended complaint, and supplemental exhibits to the United States Attorney for the District of Connecticut, at any one of the three offices, send two copies of the summons, amended complaint, and supplemental exhibits by registered or certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, and send a copy of the summons, amended complaint, and supplemental exhibit by registered or certified mail to the Bureau of Prisons at 320 First Street, N.W., Washington, D.C. 20534.

(2) **The Clerk shall** send plaintiff a copy of this Order.

(3) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date of service of the summons. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include all additional defenses permitted by the Federal Rules.

(4) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(5) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(6) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all case numbers in the notification of change of address. Plaintiff should also notify the defendants or the attorney for the defendants of his new address.

**SO ORDERED** this 31st day of March 2020 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge