UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRANDON MICHAEL GRAY,<br>Plaintiff, | : <br> : <br> : | CASE NO. 3:19-cv-1291 (MPS) |
| v. | : <br> : | |
| M. LICON-VITALE, et al.,<br>Defendants. | : <br> : <br> : <br> : | JANUARY 13, 2021 |

___

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Plaintiff Brandon Michael Gray has filed this action under 42 U.S.C. § 1983 against officials at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"). By Initial Review Order filed on March 31, 2020, the Court determined that the amended complaint would proceed only on Rehabilitation Act claims for declaratory and injunctive relief against Warden Licon-Vitale and Associate Warden Comstock. ECF No. 32.

The defendants have filed a motion to dismiss, arguing that the claims are moot because the plaintiff is no longer confined at FCI Danbury and the plaintiff cannot state a claim under the Rehabilitation Act. For the following reasons, the motion to dismiss is granted.

I.     Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction is proper where "the district court lacks statutory or constitutional power to adjudicate" the case. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The court may consider evidence outside the pleadings when deciding whether subject matter jurisdiction

exists. *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

II.    Facts

The plaintiff entered FCI Danbury in April 2019.  ECF No. 34 ¶ 2.  He did not have email access when he entered the facility.  *Id.*  The plaintiff suffers from Intellectual Developmental Disability and email access is important for him to "maintain family and community ties."  *Id.*  It also facilitates communication with his attorney and his ability to participate in his defense.  *Id.* ¶ 5.

Email access can only be granted by a correctional official at the level of associate warden or higher.  *Id.* ¶ 3.  The plaintiff asked Warden Licon-Vitale and Associate Warden Comstock why he did not have email privileges.  *Id.*  They told him that an Adam Walsh assignment had been placed in his record in April 2019 and the plaintiff's conduct would threaten institutional security.  *Id.*  The plaintiff contends that other inmates with similar offenses to his have email access.  *Id.*

III.   Discussion

The defendants move to dismiss this case for two reasons.  First, the plaintiff's transfer has rendered all claims moot.  Second, the plaintiff's claimed Intellectual Developmental Disability does not render him disabled under the Rehabilitation Act.

In the Second Circuit, an inmate's transfer from a correctional facility generally moots claims for declaratory and injunctive relief against officials at that facility.  *Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011); *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir.

2

1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). "Under Article III of the U.S. Constitution, '[w]hen a case becomes moot, the federal courts lack subject matter jurisdiction over the action.'" *Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (quoting *Fox v. Board of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks and brackets omitted)).

The decision to permit inmates email access is made by the warden with consideration for the safety, security, and orderly operation of the correctional facility or the protection of the public or other inmates. Defs.' Mem. Ex. 2, Bureau of Prisons Policy Statement 4500.12, ¶ 14.2. However, the plaintiff is no longer confined at FCI Danbury.

Mail sent to the plaintiff at his FCI Danbury address has been returned with a notation that the plaintiff no longer is confined there. The defendants state that the plaintiff is now confined at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington") and have submitted a copy of the plaintiff's inmate history showing his transfer from FCI Danbury on September 24, 2020, and his arrival at FMC Lexington on November 4, 2020. Defs.' Mem. Ex. 3. The Court has confirmed this information on the Federal Bureau of Prisons Inmate Locator site, bop.gov/inmateloc/.

As the plaintiff is no longer confined at FCI Danbury, the defendants cannot afford him email access. That decision now rests with the warden at FMC Lexington. The plaintiff's requests for declaratory and injunctive relief, the only relief requested in this action, are moot.

IV. Conclusion

The defendants' motion for extension of time, until November 16, 2020, to file a motion

to dismiss [**ECF No. 42**] is **GRANTED** *nunc pro tunc*.

The defendants' motion to dismiss [**ECF No. 41**] is **GRANTED.** The Clerk is directed to enter judgment in favor of the defendants and close this case.

**SO ORDERED** at Hartford, Connecticut, this 13th day of January 2021.

/s/
Michael P. Shea
United States District Judge